Glenn TILL, Appellant,

v.

Lora Williams THOMAS and Ennis Inc. d/b/a Quik Park, Appellees.

No. 01–98–00678–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 16, 1999.

William Chu, Addison, for Appellant.

Erin E. Lunceford, Houston, for Appellees.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.*

## OPINION

FRANK C. PRICE, Justice (Assigned).

Appellant, Glenn Till, drove a bus full of people from the economy parking lot at Bush Intercontinental Airport. He was parked in front of the terminal when his bus was struck by a van operated by appellee, Lora Williams Thomas, who was driving a shuttle for Quik–Park. Till appeals a take-nothing judgment based on the jury's verdict. We affirm.

### Fact Summary

On December 23, 1993, Thomas approached the terminal with a van full of holiday travelers. She was driving up the ramp and noticed Till's City of Houston bus. As she drove past the bus, the overhang over her door hit Till's left side mirror. She testified she could not stop at that point to survey the damage, because she would be blocking the entrance to the terminal. She called the Quik Park dispatcher and circled around the terminal and came back to the scene. Thomas was not injured, and she over-heard Till tell the police he was not injured. The investigating police officer's accident report reflects there were no injuries.

Peggy Kellum, the manager for Quik Park, testified the only damage to Thomas's van was a scrape which was removed with Compound W. There was no expense associated with the repair of the Quik Park van.

Till sued Thomas and Quik Park, alleging that Thomas's negligence proximately caused his need for back fusion surgery. At trial, Thomas presented evidence from Till's neurosurgeon, David Baskin, M.D., that Till had been advised, before the accident, he needed back surgery. Dr. Baskin also referred Till to a psychiatrist for pain management before this accident.

The jury decided Thomas was not negligent, and Till suffered no damages. Till appeals the jury's verdict.

### No Negligence

In point of error one, Till argues the jury's finding of no negligence was against the great weight and preponderance of the evidence given Thomas's repeated testimony that she misjudged the distance between the two vehicles.

When a party attacks a jury finding concerning an issue upon which he had the burden of proof, he must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Honeycutt v. Billingsley*, 992 S.W.2d 570, 578 (Tex.App.—Houston [1st

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Dist.] 1999, no pet.). In reviewing a challenge that the jury finding is against the great weight and preponderance of the evidence, we must examine the record to determine if there is some evidence to support the finding, and then determine, in light of the entire record, whether the finding is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Hollander v. Capon,* 853 S.W.2d 723, 726 (Tex.App.—Houston [1st Dist.] 1993, writ denied). We cannot reverse merely because we conclude that the evidence preponderates toward an affirmative answer. *Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988); *Honeycutt,* 992 S.W.2d at 578. Nor can we substitute our opinion for that of the trier of fact and determine that we would reach a different conclusion. *Hollander,* 853 S.W.2d at 726.

▇▇▇▇ The occurrence of an accident or a collision is not of itself evidence of negligence. *Rankin v. Nash–Texas Co.,* 129 Tex. 396, 105 S.W.2d 195, 199 (1937); *Smith v. Cent. Freight Lines, Inc.,* 774 S.W.2d 411, 412 (Tex.App.—Houston (14th Dist.) 1989, writ denied). The plaintiff must prove specific acts of negligence on the part of the driver and must also prove proximate cause. *Smith,* 774 S.W.2d at 412. Whether the plaintiff succeeds in proving negligence and proximate cause by a preponderance of the evidence is then within the jury's province to determine. *Id.*

▇▇▇ While it is true Thomas admitted she misjudged the distance due to the overhang on the door, this admission, in and of itself, does not constitute negligence. She testified she was not speeding, and she was not in any type of hurry. She saw Till and attempted to avoid him, but simply "misjudged" the distance. She was paying attention, but misjudged the space between the two vehicles.

▇▇ Also, Till did not prove that the accident with Thomas was the cause of his back injuries. There was ample testimony from Dr. Baskin that the back surgery had been recommended before the accident. Till did not prove Thomas proximately caused his injuries.[1]

We overrule point of error one.

## Expert Testimony

In point of error two, Till asserts the trial court erred by allowing Thomas's expert to testify about matters that were not disclosed in interrogatory responses.

**Standard of Review**

▇▇▇▇ To obtain reversal of a judgment based upon an error of the trial court in admitting or excluding evidence, appellant must show (1) the trial court erred, and (2) the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989). The appellate court must examine the entire record to determine whether the disputed evidence controlled the judgment. *Id.*

▇▇▇ We cannot consider documents attached to an appellate brief that do not appear in the record. *$429.30 v. State,* 896 S.W.2d 363, 365 (Tex.App.—Houston [1st Dist.] 1995, no writ). This Court must hear and determine a case on the record as filed, and may not consider documents attached as exhibits to briefs. *RWL Const., Inc. v. Erickson,* 877 S.W.2d 449, 451 (Tex.App.—Houston [1st Dist.] 1994, no writ).

▇▇▇ We cannot appraise Till's assignment of error. We must presume the proceedings and judgment below were regular and correct. Till had the burden to supply us with an appellate record demonstrating the trial court abused its discretion in admitting Dr. Baskin's testimony because Thomas did not supplement her answers as required. *Christiansen v.*

---

1. Till did not appeal the jury's decision to        award him no damages.

*Prezelski,* 782 S.W.2d 842, 843 (Tex.1990). Till was obliged to include in the appellate record the interrogatories and answers. He did not. We must presume the missing documents would sustain the trial court's ruling. *University of Texas at Austin v. Hinton,* 822 S.W.2d 197, 202 (Tex.App.—Austin 1991, no writ).

Till has attached, as an appendix to his brief, Thomas's answers to interrogatories. The discovery responses, however, were not included in the record of this case on appeal. The attachment of documents as exhibits or appendices to briefs is not a formal inclusion in the record on appeal and, thus, the documents cannot be considered. *Perry v. Kroger Stores Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, no writ).

We overrule point of error two.

### Mistrial

In point of error three, Till asserts the trial court erred by failing to declare a mistrial after the jury heard irrelevant and prejudicial evidence against him.

To preserve error, Till must make a valid, timely, and specific request, motion, or objection. Tex.R.App. P. 33; *Matter of Bates,* 555 S.W.2d 420, 432 (Tex. 1977); *United Cab Co. v. Mason,* 775 S.W.2d 783, 785 (Tex.App.—Houston [1st Dist.] 1989, writ denied.). The court's denial of a motion for mistrial will not be disturbed on appeal except on a showing of an abuse of discretion. *City of Jersey Village v. Campbell,* 920 S.W.2d 694, 698 (Tex.App.—Houston [1st Dist.] 1996, writ denied).

While questioning Dr. Baskin, Till's attorney asked Baskin what Till's complaints were when he was examined on June 1, 1993. Baskin responded, "Well, at that time he had been involved in a motor-vehicle accident." The exchange between Till's attorney and the trial court immediately after Baskin's response was as follows:

Till's attorney:  Objection, Your Honor.

The Court:  Sustained.

Till's attorney:  Move for a motion, Your Honor.

The Court:  Overruled.

Till argues Baskin's comment violated the existing motion in limine excluding testimony about earlier motor vehicle accidents. The motion in limine, however, was not included in the appellate record and shall not be considered. *See RWL Const., Inc.,* 877 S.W.2d at 451.

Till's attorney did not state the grounds for his objection or explain for what type of "motion" he was moving. *See Haney v. Purcell Co., Inc.,* 796 S.W.2d 782, 789 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (holding that objection must be specific enough to inform trial court of reason for objection.) There has been no showing that the trial court abused its discretion.

We overrule point of error three.

We affirm the judgment of the trial court.