In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00887-CV

____________


DELORES CELANO, INDIVIDUALLY AND AS NEXT OF KIN TO

NATALIE CELANO, MAYRA MORALES, AND 

CYNTHIA MORALES, MINORS, Appellant


v.


ANTHONY CELANO AND NATALIO PEREZ HERNANDEZ, Appellees






On Appeal from the 272nd District Court

Brazos County, Texas

Trial Court Cause No. 53,343-272






O P I N I O N

 Appellant, Delores Celano, individually and as next of kin to Natalie Celano, Mayra
Morales, and Cynthia Morales, minors, appeals a take-nothing judgment in favor of
defendants Anthony Celano and Natalio Perez Hernandez. We affirm. 

BACKGROUND


 On a clear, dry afternoon in November 1999, Anthony Celano (Celano) was driving
his wife (appellant) and their three daughters in their van. Celano pulled out of a school
driveway and made a right turn onto a one-way freeway feeder road in Bryan, Texas. A
vehicle driven by Hernandez struck Celano's van at the right rear of the van, and the van
spun, rolled over, and came to a stop upside down. The three minors in the van were treated
for their injuries at a hospital. Appellant was not treated for any injuries on the day of the
accident. 

 Appellant sued the driver of both vehicles for negligence. The case was tried to a
jury, which found that the accident was not caused by any negligence of either Celano or
Hernandez. Damages questions were not predicated on a finding of negligence. The jury
found no damages for physical pain or mental anguish for any of the four passengers in the
van. The jury found damages for past medical care for the three minors, but none for
appellant. On appeal, appellant challenges the factual sufficiency of the evidence to support
the jury's no-negligence findings and the jury's failure to find damages in her favor.

DISCUSSION


I. Standard of Review

 In reviewing factual sufficiency points of error, we must examine all of the evidence
in the record, including any evidence contrary to the judgment to determine whether the
challenged finding is so against the great weight and preponderance of the evidence as to be
clearly wrong or unjust. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). 

 The jury is the sole judge of the credibility of the witnesses and the weight to be given
their testimony. Transmission Exch., Inc. v. Long, 821 S.W.2d 265, 271 (Tex.
App.--Houston [1st Dist.] 1991, writ denied). The jury is free to believe or disbelieve the
witnesses' testimony in whole or in part. Miller v. Kendall, 804 S.W.2d 933, 939 (Tex.
App.--Houston [1st Dist.] 1990, no writ). The jury is entitled to disbelieve a witness even
though that witness is neither impeached nor contradicted. Murphy v. Tex. Farmers Ins. Co.,
982 S.W.2d 79, 85 (Tex. App.--Houston [1st Dist.] 1998), aff'd, 996 S.W.2d 873 (Tex.
1999). 

 The occurrence of an accident is not of itself evidence of negligence. Till v. Thomas,
10 S.W.3d 730, 733 (Tex. App.--Houston [1st Dist.] 1999, no pet.). The plaintiff must
prove specific acts of negligence on the part of the driver and must also prove proximate
cause. Id. Whether the plaintiff meets this burden is within the province of the jury to
determine. Id. 

II. Negligence

 Jury question number one asked: "Did the negligence, if any, of the person named
below proximately cause the occurrence or injuries in question?" The jury answered "No"
for both Celano and Hernandez. 

 A. Hernandez's Negligence

 In her first point of error, appellant contends that the failure of the jury to find that
Hernandez was negligent was contrary to the overwhelming weight and preponderance of
the evidence. 

 The following is some evidence in support of the jury's verdict as it relates to
Hernandez: Officer Maynard, who was the first officer at the scene of the accident, Officer
Cooper, who investigated the accident cite nine days later, Celano, and Hernandez testified
that there was a dip in the road that briefly obstructed visibility a short distance south of the
driveway; Hernandez testified he did not see Celano's van until he came over the rise from
the dip; Hernandez further testified that the van did not come to a complete stop before
entering the road and he realized the van was not going to yield; Hernandez said he pulled
to the left, but the van came partly into the left lane; Hernandez said he was traveling about
55 miles per hour, which was the speed limit; Hernandez's testimony was the only evidence
of his speed; Mayra Morales, Celano's step-daughter, testified that the impact occurred as
the van was starting to turn onto the road, indicating that Celano did not yield the right-of-way. 

 Evidence contrary to the verdict with regard to Hernandez is as follows: Officer
Maynard testified that speed was a factor in the accident, and the accident report by Officer
Maynard stated that Hernandez was traveling at a high rate of speed. However, Officer
Maynard testified that he did not have the expertise to estimate how fast Hernandez was
traveling at the time of the accident. 

 Appellant argues that her own exclamation, "Oh my God, that car is coming fast," at
the time of the accident, Hernandez's failure to respond to her questions regarding his speed,
testimony regarding Celano's care in stopping and looking before entering the road, and the
photographs of the van after the accident are evidence of Hernandez's negligence. However,
these facts are not inconsistent with the jury's verdict and are not evidence of his negligence. 
Hernandez admitted traveling at 55 miles per hour, which was the speed limit, and neither
Celano's care nor the damage to the van establishes Hernandez's negligence. 

 The jury finding regarding Hernandez's negligence was not so against the great
weight and preponderance of the evidence as to be clearly wrong and unjust. We hold that
the evidence is factually sufficient to support the jury's verdict that any negligence of
Hernandez was not the proximate cause of the accident. Accordingly, we overrule
appellant's first point of error. 

 B. Celano's Negligence

 In her second point of error, appellant contends that the failure of the jury to find that
Celano was negligent was contrary to the overwhelming weight and preponderance of the
evidence. 

 In addition to the testimony of Officer Maynard, Officer Cooper, Celano, and
Hernandez regarding the dip in the road, Officer Maynard testified that he did not believe
that Celano saw Hernandez's vehicle because of the dip; Celano testified that he stopped,
looked left, then right, then left again and did not see Hernandez's vehicle and speculated
that he thought he did not see Hernandez's vehicle because of the dip; Cynthia Morales,
Celano's step-daughter, testified that Celano stopped and looked before proceeding onto the
road. All this testimony is some evidence to support the jury's verdict as it related to Celano. 

 Evidence contrary to the verdict is as follows: Hernandez testified that Celano did not
stop at the exit from the private drive before entering the road and that Celano drove into the
left lane as he entered the road; Mayra Morales testified that the van was hit as it started to
turn onto the road, indicating that Celano did not yield the right-of-way; Officer Cooper
testified that Hernandez's vehicle should have been visible to Celano for 146 feet before
Hernandez hit his brakes. 

 The jury finding regarding Celano's negligence was not so against the great weight
and preponderance of the evidence as to be clearly wrong and unjust. We hold that the
evidence is factually sufficient to support the jury's verdict that any negligence of Celano
was not the proximate cause of the accident. Accordingly, we overrule appellant's second
point of error. 

III. Damages

 In her third point of error, appellant contends that the failure of the jury to find a sum
of money that would fairly and reasonably compensate her for her injuries that resulted from
the accident was contrary to the overwhelming weight and preponderance of the evidence. 

 The jury answered the liability question in the negative, and we have held that there
is evidence to support that verdict. Therefore, the jury's failure to award damages is
immaterial. See Neese v. Dietz, 845 S.W.2d 311, 315 (Tex. App.--Houston [1st Dist.] 1992,
writ denied). Accordingly, we overrule appellant's third point of error. 

 We affirm. 


 Sam Nuchia

 Justice


Panel consists of Chief Justice Schneider and Justices Nuchia and Radack. 

Do not publish. Tex. R. App. P. 47.