COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-067-CV
 
LEONARD WESLEY ALPHIN,       
           
           
           
           
       
APPELLANTS
INDIVIDUALLY AND AS ADMINISTRATOR
OF THE ESTATE OF INEZ BEATRICE ALPHIN,
DECEASED, AND LARRY PAUL ALPHIN, INDIVIDUALLY
V.
HUGULEY NURSING CENTER       
           
           
           
           
         
APPELLEE
------------
FROM THE 141
ST DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
In this appeal, appellants Leonard
Wesley Alphin, individually and as administrator of the estate of Inez Beatrice
Alphin, deceased, and Larry Paul Alphin, individually, challenge the trial
court's dismissal of all their claims against appellee Huguley Nursing Center
under article 4590i of the Texas Medical Practices and Liability Act. Tex. Rev.
Civ. Stat. Ann. art. 4590i, § 13.01(a)(3) (Vernon Supp. 2003). We affirm.
Background
On July 27, 2000, appellants filed
a healthcare liability claim against appellee for the injuries and death of Inez
Alphin, which occurred while in appellee's nursing home. In addition to their
claims for negligence and wrongful death, appellants asserted claims for malice
and gross negligence, civil conspiracy, and fraud due to a "knowing
violation" of Texas Penal Code section 22.04. Tex. Penal Code Ann. § 22.04
(Vernon 2003). Appellants sought compensatory damages and exemplary damages for
their claims.
Appellants filed an expert report
dated September 21, 1999 prepared by Bill H. Puryear, D.O., P.A., and appellants
filed an affidavit/expert report dated December 15, 2000 by the same physician
containing the same information, but purporting to add his curriculum vitae.(1)
In September 2001, appellee filed a motion to dismiss under article 4590i for
failure to timely provide an adequate expert report to the appellee. The trial
court held a hearing on the motion to dismiss on November 9, 2001 and ruled in
favor of appellee. The trial court entered an order granting appellee's motion
to dismiss on November 15, 2001, and signed an order of dismissal on December 6,
2001.(2)
Waiver
In appellants' second issue, they claim that appellee waived its right
to file its motion to dismiss under section 13.01. We disagree. First, the
statute places no time constraints upon a defendant to challenge the adequacy of
a report. See Tex. Rev. Civ. Stat. Ann. art. 4590i.
Secondly, we do not agree that the time lapse in filing the motion here
indicates a desire on appellee's part to waive its right to object as was the
case in Langley v. Jernigan, which appellants rely on for
support. 76 S.W.3d 752, 756-57 (Tex. App.--Waco 2002, pet. filed); see
also Doades v. Syed, 94 S.W.3d 664, 672 (Tex. App.--San Antonio 2002, no
pet.). We overrule appellants' second issue.
Health Care Claims
In appellants' third and fourth issues, they complain that because they
are not subject to dismissal under article 4590i, the trial court erred in
dismissing their civil conspiracy claim and their intentional tort claim based
on the Texas Penal Code. Again, we disagree. A plaintiff may not recast a health
care claim under a different theory and avoid application of the report
requirements of article 4590i, section 13.01(r)(6). Sorokolit
v. Rhodes, 889 S.W.2d 239, 242 (Tex. 1994); Hart v.
Wright, 16 S.W.3d 872, 877 (Tex. App.--Fort Worth 2000, pet. denied); Savage
v. Psychiatric Inst., Inc., 965 S.W.2d 745, 751 (Tex. App.--Fort Worth
1998, pet. denied). Appellants' third and fourth issues are overruled. We now
turn to the primary issue before us, the adequacy of the reports and the trial
court's dismissal of appellants' claims.
We review a trial court's dismissal under article 4590i, section
13.01(r)(6), under an abuse of discretion standard. Am.
Transitional Care Ctrs., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001); Horsley-Layman
v. Angeles, 90 S.W.3d 926, 928 (Tex. App.--Fort Worth 2002, pet. denied).
Because appellants' report was due on or before January 23, 2001, we may
consider the first two reports. Expert reports are required to reflect a
"fair summary of the expert's opinions about the applicable standard of
care, the manner in which the care failed to meet that standard, and the causal
relationship between that failure and the claimed injury." Palacios,
46 S.W.3d at 878 (citing Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(r)(6)).
We are to look to the four corners of the document to determine whether the
report represents a good-faith effort to comply with these statutory requisites.
Id. In this case, we conclude the trial court did not
abuse its discretion in ordering a dismissal under section 13.01(e)(3). Tex.
Rev. Civ. Stat. Ann. art. 4590i, § 13.01(e)(3). As asserted in appellee's
motion to dismiss, the reports failed to set forth the standard of care for a
nursing home, how appellee allegedly breached that standard, or the causal
relationship between a breach of that standard and the decedent's injuries.
Likewise, neither report represents a good-faith effort to provide a fair
summary of all the elements required by sections 13.01(l) and 13.01(r)(6). Id.
§§ 13.01(l), 13.01(r)(6); see Horsley-Layman, 90
S.W.3d at 930. Neither report informs the appellee of the specific conduct the
appellants have called into question or provides a basis for the trial court to
conclude the claims have merit. See Horsley-Layman, 90
S.W.3d at 930. We overrule appellants' first issue.
Conclusion
Having overruled all of appellants' issues and concluded the trial
court did not abuse its discretion in dismissing appellants' claims, we affirm
the judgment of the trial court.
 
                                                                   
TERRIE LIVINGSTON
                                                                   
JUSTICE
 
PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.
DELIVERED: MAY 1, 2003

1.  We note there is no curriculum vitae attached to
the second report or in the appellate record. See Tex.
Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)(1).
2.  Appellant contends it filed an additional expert
report on November 8, 2001, before the November 15 hearing. However, as pointed
out by appellee, that report is not in the record on appeal and we cannot
consider it on appeal because we cannot determine whether the trial court
considered it. Till v. Thomas, 10 S.W.3d 730, 734 (Tex.
App.--Houston [1st Dist.] 1999, no pet.). Additionally,
we note that this final expert report was prepared outside the 180-day time
limit imposed under article 4590i, section 13.01(d).