Opinion issued June 26, 2003







            












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00686-CV
____________
 
 
IN THE INTEREST OF M.C.H. AND D.J.H., MINOR CHILDREN
 
 
 

 
 
On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 99-55868
 

 
 
MEMORANDUM OPINION
          In this restricted appeal following the trial court’s rendition of a final decree
of divorce between appellant, Darlene M. High, and appellee, Douglas W. High,
Darlene challenges the trial court’s order modifying the divorce decree and awarding
primary custody of the couple’s two minor children to Douglas.
          In two points of error, Darlene contends that (1) the trial court lacked
jurisdiction to modify the decree and (2) she was never served with a copy of
Douglas’s motion to modify the decree.
          We affirm.
Facts and Procedural Background
          On October 16, 2000, the trial court signed a final decree granting the parties
a divorce, awarding primary custody of their two children, M.C.H. and D.J.H., to
Darlene, and awarding standard periods of visitation


 to Douglas.
          In April 2001, Douglas filed, in one pleading, a motion for enforcement of the
trial court’s decree and a motion to modify the decree,


 alleging that, in violation of
the decree, Darlene had moved with the children to Louisiana without the consent of
the trial court or Douglas. Douglas sought to modify the decree to appoint himself
as primary conservator of the children.
          In May 2001, the trial court issued a notice ordering the parties to appear
before it on June 7, 2001 for a hearing on Douglas’s motion to enforce the decree. 
However, on September 20, 2001, the trial court dismissed the motion to enforce “for
want of prosecution.”
          In January 2002, the trial court held a hearing on Douglas’s motion to modify
the decree. At the hearing, Darlene did not appear either personally or through
counsel. The trial court announced that it was taking judicial notice of the citation
and return of service “showing proper service” of the motion on Darlene by certified
mail and by personal service effected by a constable on November 26, 2001. The trial
court then considered testimony from Douglas in support of the allegations in his
motion to modify.



          At the conclusion of the hearing, the trial court took the matter under
advisement. On January 15, 2002, the trial court signed an order modifying the final
decree of divorce, awarding primary custody of the parties’ children to Douglas, and
ordering Darlene to pay $300 per month as child support.
Jurisdiction
          In her first point of error, Darlene argues that the trial court erred in
considering Douglas’s motion to modify the final divorce decree because, after
Douglas’s motion to enforce the decree was dismissed, the trial court lost jurisdiction
over the case.



          Contrary to Darlene’s assertion, the clerk’s record indicates that, although filed
in the trial court in one pleading, Douglas’s motions to enforce and to modify the
divorce decree were pleaded separately and were treated by the district clerk as two
separate proceedings. The trial court’s September 20, 2001 dismissal order
specifically refers only to Douglas’s motion to enforce the decree and does not refer
to the motion to modify the decree. Thus, the trial court did not dismiss Douglas’s
motion to modify the parties’ divorce decree by its September 20, 2001 dismissal
order. Accordingly, we hold that, at the time the trial court considered Douglas’s
motion to modify the decree, the trial court had jurisdiction over the matter.
          We overrule Darlene’s first point of error.
Service of Motion
          In her second point of error, Darlene argues that the record does not indicate
that she was personally served with a copy of Douglas’s motion to modify the divorce
decree and that, as a result, “the trial court was without authority to sign the
modification order because the service on [Darlene] was defective and therefore the
trial court had no personal jurisdiction over her.”
          In support of her assertion that she was not personally served with a copy of
the motion to modify the decree, Darlene relies on copies of the citation and
constable’s return of service attached as exhibits to her brief. She argues that, on
their face, these documents at least raise a fact question concerning whether she was
personally served with the motion to modify the decree.
          However, neither the citation nor the return of service appear in the clerk’s
record of this case. We cannot consider documents attached to an appellate brief that
do not appear in the record. Till v. Thomas, 10 S.W.3d 730, 733 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). This Court must hear and determine a case
on the record as filed, and may not consider documents attached as exhibits to briefs. 
Id. Accordingly, we may not consider the documents attached to Darlene’s brief.
          Moreover, as noted above, the reporter’s record of the hearing on Douglas’s
motion to modify the decree indicates that the trial court took judicial notice not only
of the constable’s return of service showing that the motion was personally served on
Darlene, but also took judicial notice of a return receipt signed by Darlene showing
that she received a copy of the motion by certified mail.
          Accordingly, we hold that the record does not support Darlene’s assertion that
she was not properly served with a copy of the motion to modify the decree.
          We overrule Darlene’s second point of error.
Conclusion
          We affirm the order of the trial court.
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.