Opinion delivered November 3, 2005


















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01186-CV
____________

SHARON FRANCIS, AS GUARDIAN OF GODFREY FRANCIS, Appellant

V.

SELECT SPECIALTY HOSPITAL, Appellee



 
On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2003-62349
 

 
 
MEMORANDUM OPINION
          Appellant, Sharon Francis, as guardian of Godfrey Francis, challenges the trial
court’s order dismissing her medical malpractice lawsuit against appellee, Select
Specialty Hospital (“Select Specialty”),


 because of her failure to provide an expert
report, as required by section 74.351 of the Texas Civil Practice and Remedies Code. 
Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon 2005).


 In two issues, Sharon
contends that the trial court abused its discretion in granting Select Specialty’s motion
to dismiss because she “effectively served” Select Specialty with an expert report by
filing the report with the trial court and because Select Specialty waived its objection
to challenge the sufficiency of the expert report. 
          We affirm. Factual and Procedural BackgroundIn her original petition, filed on November 4, 2003, Sharon alleged that, on
September 12, 2001, while Godfrey was receiving treatment as a patient under the
care of Select Specialty, Godfrey’s teeth and mouth were injured because he was
either not properly restrained or was dropped face-first on the floor. She further
alleged that Select Specialty failed to properly examine and treat Godfrey’s injuries
after being placed on notice of such injuries by his family. Sharon also alleged that
Select Specialty was negligent in that it failed, among other acts or omissions, to
properly perform medical treatment on Godfrey, failed to recognize Godfrey’s
symptoms that required treatment, and failed to properly assess and evaluate
Godfrey’s medical needs and condition. Finally, she alleged that, “[t]o the extent that
[Godfrey] is unable to fully or accurately describe the specific acts or omissions on
the part of [Select Specialty] that caused [Godfrey’s] injuries, nonetheless the
instrumentalities that caused those injuries were under the exclusive management and
control of [Select Specialty] at the time Plaintiff Godfrey [] was injured.” 
          On September 15, 2004, Select Specialty filed its answer and its motion to
dismiss the claim pursuant to section 74.351. See Tex. Civ. Prac. & Rem. Code
Ann. § 74.351. In its motion to dismiss, Select Specialty contended that, because
Sharon filed her original petition on November 4, 2003, the 120-day deadline for
serving an expert report in a health care liability claim “expired on or about May 3,
2004.” Select Specialty argued that the case should be dismissed because Sharon had
not provided an expert report to Select Specialty within the 120-day deadline. Select
Specialty also asserted that, although section 74.351(c)


 provides for one 30-day
extension where an expert report has not been timely served because elements of the
report are found deficient, “the statute does not provide for an extension where no
report of any kind was provided.” On October 18, 2004, the trial court granted Select Specialty’s motion to
dismiss Sharon’s case pursuant to section 74.351.


 
Timeliness of Expert Report
          In her first issue, Sharon contends that “Select Specialty Hospital had actual
notice of the lawsuit and therefore constructive notice of all the contents of the
court[’s] file, which included [Sharon’s] Expert Report.” Sharon asserts that, on or
about June 10, 2004, her expert report was “incorporated into the court[’s] record as
an attachment to [her] response to Co-Defendant Methodist Hospital’s motion to
dismiss.” She further asserts that, “[u]nder Texas Law[,] constructive notice
effectively served Defendant Select Specialty Hospital with [her] expert report on or
about June 10, 2004.” 
          We review a trial court’s decision on a motion to dismiss a case under section
74.351 of the Texas Civil Practice and Remedies Code for an abuse of discretion. See
Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001)
(holding trial court’s decision to dismiss under former article 4590i, section 13(e) is
reviewed for abuse of discretion); Lookshin v. Feldman, 127 S.W.3d 100, 103 (Tex.
App.—Houston [1st Dist.] 2003, pet. denied) (same). A trial court abuses its
discretion if it acts in an arbitrary or unreasonable manner without reference to
guiding rules or principles. Downer v. Aquamarine Ops., Inc., 701 S.W.2d 238,
241–42 (Tex. 1985). When reviewing matters committed to the trial court’s
discretion, we may not substitute our own judgment for that of the trial court. Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).
          Section 74.351(a) provides, in relevant part
In a health care liability claim, a claimant shall, not later than the 120th
day after the date the claim was filed, serve on each party or the party’s
attorney one or more expert reports, with a curriculum vitae of each
expert listed in the report for each physician or health care provider
against whom a liability claim is asserted. The date for serving the
report may be extended by written agreement of the affected parties. 
 
See Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847,
875, amended by Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1–3, 2005 Tex.
Sess. Law Serv. 1590, 1591 (Vernon 2005). 
          Moreover, section 74.351(b) provides: 
If, as to a defendant physician or health care provider, an expert report
has not been served within the period specified by Subsection (a), the
court, on the motion of the affected physician or health care provider,
shall, subject to Subsection (c), enter an order that (1) awards to the
affected physician or health care provider reasonable attorney's fees and
costs of court incurred by the physician or health care provider; and
(2) dismisses the claim with respect to the physician or health care
provider, with prejudice to the refiling of the claim. 
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). 
          If an appellant fails to present a complete record on appeal, we must presume
that the evidence before the trial court supported the trial court’s ruling. See
Enterprise Leasing Co. of Houston v. Barrios, 156 S.W.3d 547, 549–50 (Tex. 2004);
Feldman v. Marks, 960 S.W.2d 613, 614 (Tex. 1996); Till v. Thomas, 10 S.W.3d 730,
734 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Sharon had the burden to supply
us with an appellate record demonstrating that the trial court abused its discretion in
granting Select Specialty’s motion to dismiss. Till, 10 S.W.3d at 733–34. However,
in the instant case, Sharon did not include a copy of her filed expert report in the
appellate record. Thus, although Sharon states in her brief that she filed her expert
report with the trial court as part of her response to Methodist Hospital’s motion to
dismiss on or about June 10, 2004, there is no evidence in the appellate record that
Sharon, in fact, filed such a response with her expert report attached. Furthermore,
there is no evidence in the record that Sharon filed her expert report at any time with
the trial court or otherwise provided Select Specialty with an expert report. 
          Moreover, Sharon contends that she filed her expert report “on or about June
10, 2004,” with the trial court. The record shows that Sharon filed her original
petition in this case on November 4, 2003. Section 74.351(a) requires a plaintiff who
files a “health care liability claim” to serve an expert report on the defendant within
120 days of filing its claim. Thus, the 120-day deadline expired on March 4, 2004. 
Even if filing an expert report with the trial court on June 10, 2004 “effectively
served” Select Specialty as Sharon contends, by her own admission, she would
nevertheless have provided her expert report outside of the 120-day deadline. 
Furthermore, there is no evidence in the record that Sharon and Select Specialty
extended the date for serving the report by written agreement. Thus, because Sharon
did not serve Select Specialty with an expert report within 120 days of filing her
claim, her claim was subject to dismissal with prejudice. See Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(b)(2). 
          In her second issue, Sharon argues that, because Select Specialty failed to
challenge the expert report “for over 90 days after it became part of the court[’s]
record,” pursuant to section 74.351(a), Select Specialty “waived any and all
objections related to the report.” 
          Section 74.351(a) provides, in relevant part
Each defendant physician or health care provider whose conduct is
implicated in a report must file and serve any objection to the
sufficiency of the report not later than the 21st day after the date it was
served, failing which all objections are waived.
 
See Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847,
875 (amended 2005).
          However, because there is no evidence in the record that Sharon filed her
expert report with the trial court or otherwise provided Select Specialty with an expert
report, the 21-day deadline by which a health care provider must file and serve its
objections to the sufficiency of such a report was not triggered. Thus, Select
Specialty could not have waived its objection to the sufficiency of an expert report
when there is no evidence in the record that Select Speciality was served with a
report. 
          Accordingly, we hold that, because there is no evidence in the appellate record
that Sharon filed with the trial court or otherwise provided Select Specialty with her
expert report within 120 days of filing her lawsuit on behalf of Godfrey, the trial court
was left with no discretion but to dismiss her suit against Select Specialty with
prejudice. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2). 
          We overrule Sharon’s first and second issues. 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.