ACCEPTED
01-14-00629-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/20/2015 11:29:16 AM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00629-CV

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/20/2015 11:29:16 AM
CHRISTOPHER A. PRINE
Clerk

_____

**ELIZABETH M. TRAMMELL,**
*Appellant*

**v.**

**FLETCHER V. TRAMMELL, SR.**
*Appellee*

_____

**APPELLEE'S OBJECTION TO SPECIFIC
MATTERS WITHIN APPELLANT'S REPLY BRIEF**

_____

**On Appeal from Cause No. 2010-72050**
*In the Interest of J.E.T., F.V.T. and A.G.T., Minor Children*
**308th Family District Court
Houston, Texas**

_____

**SALLEE S. SMYTH
Attorney at Law
SBT# 18779400
800 Jackson Street
Richmond, Texas 77469
(281) 238-6200
(281) 238-6202 (Fax)
smyth.sallee@gmail.com**

**Attorney for Appellee
FLETCHER V. TRAMMELL, SR.**

1

## APPELLEE'S OBJECTION TO SPECIFIC MATTERS
## WITHIN APPELLANT'S REPLY BRIEF

Appellee, FLETCHER V. TRAMMELL, SR., (hereinafter referred to as "Fletcher") formally objects to specified matters within the Reply Brief as filed by Appellant, ELIZABETH M. TRAMMELL (hereinafter referred to as "Elizabeth").

Fletcher respects the *Texas Rules of Appellate Procedure* and recognizes that they do not permit him to offer any additional response to the substantive legal arguments raised within Elizabeth's Reply Brief as she carries the burden in this appeal and thus garners the last word.

Nevertheless, Fletcher feels compelled to object to certain arguments within Elizabeth's Reply Brief because they directly misrepresent the underlying appellate record or include arguments based on matters wholly outside the appellate record, blatantly disregarding the rules which govern the scope of this court's review.

Fletcher seeks to preserve these objections for appellate purposes.

All references to the record will use the same abbreviations previously adopted in Appellee's Response Brief.

A. <u>Ethical Obligations in Briefing and Scope of appellate court review, generally.</u>

Under the rules of appellate procedure a party's argument within briefing must contain clear and concise argument for the contentions made, with appropriate citations to the record. *Tex. R. App. P. Rule 38.1(i).* The rule implies

that when a party makes a particular contention and relies upon facts developed at trial to support or analyze it, that party must offer the court guidance on where to locate the relevant evidence in the record. Further, while it must be recognized that often times the underlying evidence will be disputed, in a situation where it is not, a party cannot simply create new or speculative facts to support their arguments when those claims either find no support in the existing record or may, in fact, totally misrepresent the evidence actually admitted at trial.

The Corpus Christi court of appeals has summarized the significance of accurate, professional and ethical briefing, stating:

> Attorneys owe to the courts duties of scrupulous honesty, forthrightness, and the highest degree of ethical conduct. Inherent in this high standard of conduct is compliance with both the spirit and express terms of the rules of conduct. The Texas Disciplinary Rules of Professional Conduct prohibit a lawyer from knowingly making a false statement of material fact to a tribunal. *Tex.-Ohio Gas, Inc. v. Mecom,* 28 S.W.3d 129, 145 (Tex. App. – Texarkana 2000, no pet.) [citing *Tex. Disciplinary R. Prof'. Conduct 3.03(a)(1).*] We also find guidance in the Standards for Appellate Conduct promulgated by the Texas Supreme Court. … Those standards set out that "counsel should not misrepresent, mischaracterize, misquote, or miscite the factual record or legal authorities."

*In re A.M.B.V.,* 2015 Tex. App. LEXIS 59, 30 (Tex. App. – Corpus Christi January 8, 2015, no pet.)(mem. opinion).

Further, appellate review is confined to a proper appellate record. *Melendez v. Exxon Corp.,* 998 S.W.2d 266, 280 (Tex. App. – Houston [14th Dist.] 1999, no pet.). It is improper for parties to rely on matters outside the record in making

3

arguments to the court. *Id.* Likewise, documents attached to an appellate brief that do not appear in the record may not be considered by the court. *Till v. Thomas,* 10 S.W.3d 730, 733 (Tex. App. – Houston [1st Dist.] 1999, no pet.); *San Jacinto Methodist Hosp. v. Bennett,* 256 S.W.3d 806, 815 (Tex. App. – Houston [14th Dist.] 2008, no pet.). Finally, the *Standards for Appellate Conduct* provide that "[t]he court will take special care not to reward departures from the record." *Tex. Supreme Court, Standards for Appellate Conduct,* The Court's Relationship with Counsel, 2, *available at* www.texcourts.gov/rules-forms/rules-standards.aspx.

B. Objection to Misrepresentation of Existing Appellate Record

Within her Reply Brief, Elizabeth (through her counsel) makes the following statements in response to Fletcher's claim that Elizabeth does not financially contribute to the support of the children independent of those amounts provided to her by Fletcher:

> Moreover, in his brief, Fletcher disingenuously claims that Elizabeth should be required to obtain her own employment. Yet at the time of their divorce, he clearly intended for her to be a stay at home mom to take care of the children, and the parties structured the divorce decree to reflect that decision. Now he is criticizing her for his own breach of their contract. This is another example of the only consideration that must be taken into account is what is best for him.

(Reply Brief, pp. 8-9)

The statement regarding Fletcher's "intent" when structuring the parties' initial child support agreement omits any reference to the appellate record. This is

4

so because no such evidence appears in the record, and in fact, the statement directly misrepresents the only trial testimony on the subject.

During trial, Fletcher specifically testified that his agreement to pay above guideline child support was made in hopes that it would ease the transition for Elizabeth to move on, expressing the desired possibility that she would use her law school education and degree which they had invested in during marriage to begin practicing law. (RR 34, 103-104) Elizabeth's claims to the contrary within her brief "misrepresent, mischaracterize, misquote, or miscite" the appellate record contrary to applicable rules and standards and as such, Fletcher objects.

C. Objection to Reliance Upon Matters Outside the Appellate Record

In a more blatant violation of the existing rules and standards, Elizabeth attaches "Tab 1" to her Reply Brief, which she represents within her briefing to be "pages from [Fletcher's] website," implying that Fletcher's testimony at trial admitted to *this specific* publication even though it was never offered or admitted into evidence. (See Elizabeth's Reply Brief, p. 9 and Tab 1) Specifically, Elizabeth's Reply Brief states:

> During his testimony, Fletcher admits that he publicizes on *his firm's website* for his professional corporation, Trammell, P.C., that he has won big verdicts. (RR 89.) *The website* states, in part, that "Fletch is one of the top trial lawyers in America. In the past five years he has won over $1.7 billion in trial judgments against major pharmaceutical manufacturers, on top of hundreds of millions more in pre-trial settlements. His $1.2 billion jury verdict against Johnson & Johnson in 2012 was the highest judgment of any kind in America that year."

5

See copies of pages from *his website* attached hereto as Tab 1 of the Appendix. Presumably, the snapshot of Fletcher's salary decline over the last two or three years took place while he was an employee at a prior law firm; *at this point in time*, it appears that Fletcher presently owns his own law firm, Trammell, P .C., and is one of the top trial lawyers in America.

(*See* Reply Brief, pp. 9-10) ((Emphasis added)

At trial, Fletcher testified that he was employed by Bailey Peavy Bailey (formerly Bailey Perrin Bailey) (RR 20), admitting that some of his significant litigation victories were published on "my firm's website." (RR 89)  The website he was obviously referring to at trial was that of Bailey Peavy Baily where he was then currently employed.  (RR 89)  Copies of the firm's website publications were not offered or admitted as evidence at trial.  Nevertheless, Elizabeth now attaches Tab 1 to her Reply Brief, characterizing it as pages from "**the website"** which Fletcher's trial testimony apparently referred to.  (Emphasis added)

Because an appellate court may not consider matters outside the appellate record, it is understood that parties' and/or their counsel should likewise not supply this information to the court or rely upon it to support their appellate arguments. Evidence in this matter concluded in June 2014 and Elizabeth and her counsel are not permitted to simply supply new information to the appellate court when it suits them.

Further, despite "implying" that the Tab 1 document represents historical data about which Fletcher allegedly testified at trial, a review of the footer on the

Tab 1 document shows it was printed off a computer on April 10, 2015, ten months after trial ended. (See Tab 1 document, Reply Brief, Adope page 23) The final page of the Tab 1 document also indicates that it is from a website established in 2015, at least six months after trial concluded. (See Tab 1 document, Reply Brief, Adobe page 25)

Surprisingly, Elizabeth's reply arguments don't even attempt to hide her (or her counsel's) obvious knowledge that the Tab 1 document relates to information which post-dates the trial and ventures outside the proper appellate record. This is clear for two reasons. First, Elizabeth must actually attach and provide the Tab 1 document to this Court since it is not otherwise available in the existing appellate record. Second, Elizabeth affirmatively uses the Tab 1 document to inform this Court that Fletcher's employment circumstances may have changed since the 2014 trial, speculating that Fletcher may have experienced a reversal of fortune which she in turn claims should undermine the trial court's child support reduction and influence her request for this Court to reverse it. Elizabeth's careless and improper speculation is based on unauthenticated, unsubstantiated and unexplained evidence presented for the first time to this Court without regard to any rules or standards which prohibit it.

If Elizabeth believes that Fletcher's financial circumstances have materially and substantially changed since the underlying order the subject of this appeal was

rendered so as to justify an increase in support, then Elizabeth has every right to dismiss this appeal and file a new suit to modify Fletcher's existing child support obligation as ordered by the trial court in June, 2014. But Elizabeth has no right to infiltrate the existing appellate record with innuendo and speculation based on unadmitted documents she simply chooses to attach to her Reply Brief and attempt to disguise it as accepted advocacy. To the extent she has done so, Fletcher objects.

## CONCLUSION AND PRAYER

Appellee, FLETCHER V. TRAMMELL, requests the Court to abstain from consideration of Elizabeth's arguments which misrepresent the testimony at trial. Further, Appellee, FLETCHER V. TRAMMELL, requests this Court to abstain from any substantive review and/or consideration of Tab 1 as attached to Elizabeth's Reply Brief as well as those arguments which refer to or rely upon it.

The matters specifically objected to herein as contained within Appellant, ELIZABETH TRAMMEL'S, Reply Brief reveal an apparent disregard for the rules of appellate procedure and accepted standards for appellate conduct. As such, Appellee, FLETCHER V. TRAMMELL, requests this Court to consider any other or further relief, including sanctions, which this Court may deem appropriate in these circumstances.

Appellee, FLETCHER V. TRAMMELL, SR., requests all such other relief to which he may show himself entitled.

Respectfully submitted,

/s/ Sallee S. Smyth
SALLEE S. SMYTH
Attorney at Law
SBT# 18779400
800 Jackson Street
Richmond, Texas 77469
(281) 238-6200
(281) 238-6202 (Fax)
**smyth.sallee@gmail.com**
Attorney for Appellee
FLETCHER V. TRAMMELL, SR.

## CERTIFICATE OF SERVICE

I certify that a true copy of the above *Appellee's Objections to Specific Matters Within Appellant's Reply Brief* was served on the following counsel of record and/or pro se party in accordance with the Texas Rules of Civil and Appellate Procedure on this the   20th   day of April 2015:

Mr. Maurice Bresenhan, Jr.
Attorney for Appellant
1177 West Loop South, Suite 1100
Houston, Texas 77027
VIA EMAIL mbresenhan@zbsplaw.com

/s/   Sallee S. Smyth
SALLEE S. SMYTH