Opinion issued June 1, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00710–CV




JEAN SOWELL, Appellant

V.

THE KROGER CO., Appellee




On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2004–31277




O P I N I O N

          Jean Sowell, appellant, suffered injuries after slipping on an unidentified liquid
in a Kroger store. Ten months after the suit was filed, The Kroger Co. (Kroger),
appellee, filed a no-evidence motion for summary judgment. Sowell appeals from the
trial court’s granting of the motion.
          In two points of error, Sowell argues that the trial court erred by (1) not
providing a presumption that Kroger had spoliated evidence and (2) not finding that
there was some evidence that there was a dangerous condition which posed an
unreasonable risk of harm.
          We affirm.
Background
           On March 14, 2004, Sowell was in a Kroger store when she slipped on an
unidentified liquid on the floor. Sowell sustained injuries and was taken to a hospital
for treatment. On June 15, 2004, Sowell brought suit. Kroger filed a no-evidence
motion for summary judgment on April 9, 2005, arguing that there was no evidence
of (1) an unreasonable risk of harm or (2) that Kroger was aware of it. Sowell
responded, arguing that Kroger intentionally or negligently destroyed witness
statements, and that the spoliation should allow her to survive summary judgment.
          Sowell based her argument on a deposition of Richard Flores, a co-manager of
the Kroger store where the accident took place. Flores prepared an incident report
concerning Sowell’s fall. In his deposition testimony, Flores admitted that he had
taken statements from witnesses and turned them over to Kroger’s risk management
department. Sowell argued that because she did not receive the statements pursuant
to a request for witness statements in her request for disclosure, a rebuttable
presumption should apply against Kroger that it knew or should have known of an
unreasonable risk of harm. After a hearing was held, the trial court granted summary
judgment.
No-Evidence Motion For Summary Judgment
          Sowell argues that the trial court erred by granting summary judgment against
her because (1) there was evidence that Kroger had spoliated evidence that
presumptively would have shown that Kroger was aware of an unreasonable risk of
harm and (2) there was some evidence that there was a dangerous condition which
posed an unreasonable risk of harm.
A.     Standard of Review
          When a party raises a charge of spoliation in response to a motion for summary
judgment, we apply a modified standard of review. Aguirre v. S. Tex. Blood and
Tissue Ctr., 2 S.W.3d 454, 457 (Tex. App.—San Antonio 1999, pet. denied). First,
we review the trial court’s rejection of a request for a spoliation presumption for an
abuse of discretion. Id. Second, if we find no abuse of discretion, “we proceed under
the no-evidence standard of review to determine whether, without the presumption,
more than a scintilla of evidence exists precluding summary judgment.” Id. 
          A no-evidence motion for summary judgment is essentially a directed verdict
granted before trial, to which we apply a legal sufficiency standard of review. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex. 2003); Jackson v. Fiesta
Mart, Inc., 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). In general, a party
seeking a no-evidence summary judgment must assert that no evidence exists as to
one or more of the essential elements of the non-movant’s claims on which it would
have the burden of proof at trial. Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex.
App.—Austin 2000, no pet.). Once the movant specifies the elements on which there
is no evidence, the burden shifts to the non-movant to raise a fact issue on the
challenged elements. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment will
be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the
court is barred by rules of law or of evidence from giving weight to the only evidence
offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more
than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital
fact. King Ranch, 118 S.W.3d at 751. We view the evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and inferences. Id. 
          A no-evidence summary judgment is improperly granted if the non-movant
brings forth more than a scintilla of probative evidence to raise a genuine issue of
material fact. Id. When the evidence supporting a finding rises to a level that would
enable reasonable, fair-minded persons to differ in their conclusions, more than a
scintilla of evidence exists. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997). A defendant who moves for summary judgment need only negate
one element of the plaintiff’s cause of action. See Gibbs v. Gen. Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970).
B.      Spoliation of Evidence
          During his deposition, Flores stated that he had taken statements from
witnesses to the accident. He also stated that he included the statements in the file
that he sent to the risk management department. Sowell argues, as she argued to the
trial court, that the fact that Kroger did not turn over the witness statements is proof
that Kroger destroyed the documents and that they should be presumed to prove an
unreasonable risk of harm.
          Kroger points out, however, that there is nothing in the record showing that
these statements were ever requested by Sowell. Sowell included, as an appendix to
her brief, her request for disclosure requesting witness statements. However,
attachments of documents as exhibits or appendices to briefs is not a formal inclusion
in the record on appeal. Till v. Thomas, 10 S.W.3d 730, 734 (Tex. App.—Houston
[1st Dist.] 1999, no pet.). Therefore, we cannot consider it. Id. Because the request
for disclosure was not a part of the record before the trial court, we hold that the trial
court did not abuse its discretion in denying the presumption of spoliation.
          Next we must consider, absent the presumption of spoliation, whether the
record reflects some evidence that Kroger knew or should have known of an
unreasonable risk of harm. Aguirre, 2 S.W.3d at 457. Sowell does not cite, and we
do not find, anything in the record that provides some evidence that Kroger knew or
should have known of an unreasonable risk of harm.
          We overrule Sowell’s first point of error.



Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Jennings, Hanks, and Higley.