Davi CANTU, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–97–01356–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 15, 1999.

Rehearing Overruled May 7, 1999.

Tony Aninao, Houston, for Appellant.

John B. Holmes, Calvin Hartmann, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and NUCHIA.

## OPINION

SAM NUCHIA, Justice.

Appellant, Davi Cantu, Jr., was indicted for indecency with a child. Appellant pled guilty without an agreed recommendation, and the trial court assessed appellant eight years confinement. Appellant filed a pro se request for leave to appeal, which the trial court granted.

## DISCUSSION

*Deprivation of Effective Assistance of Counsel*

■ In point of error two, appellant asserts he was deprived of counsel following sentencing, and was therefore unable to file a motion for new trial because the trial court did not appoint appellate counsel until more than thirty days had passed after sentencing.

The adjudication of guilt and pronouncement of sentence occurred on November 14, 1997. Appellant was represented by appointed counsel at this time. A pro se notice of appeal was filed on November 20, 1997. On February 19, 1998, three months after sentencing, appellant filed a pauper's oath requesting appellate counsel be appointed.

■ A defendant is entitled to counsel during the time period for filing a motion for new trial to assist the defendant in preparing the motion. *Cox v. State*, 797 S.W.2d 958, 959 (Tex.App.—Houston [1st Dist.] 1990, no pet.); *Callis v. State*, 756 S.W.2d 826, 827 (Tex.App.—Houston [1st Dist.] 1988, no pet.). Appointed counsel remains as defendant's counsel for all purposes until he is expressly permitted to withdraw or the appeal is finished. *Ward v. State*, 740 S.W.2d 794, 798 (Tex.Crim.App.1987). Appellant has the burden to demonstrate from the record that he was deprived of counsel resulting in a lack of opportunity to file a motion for new trial. *Burnett v. State*, 959 S.W.2d 652, 659 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).

■ Appellant was represented at trial by court-appointed counsel. We presume this attorney continued to represent appellant at all times until appointment of appellate counsel. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex.Crim.App.1998). There is no evidence in the record that trial counsel withdrew before appellate counsel was appointed. We also presume that appellant's trial counsel was acting effectively at all times and adequately counseled appellant unless the record affirmatively shows otherwise. *Id.* There is a rebuttable presumption that if a motion for new trial was not filed in a case, it was considered by the appellant and rejected. *Id.* In the present case, appellant did not file a motion for new trial.

■ It is common for defendants to file pro se motions while represented by appointed or retained counsel. *See Burnett*, 959 S.W.2d at 659. The filing of a pro se motion alone does not establish a deprivation of counsel; however, it does constitute evidence that appellant must have been informed of at least some of his appellate rights. *Oldham*, 977 S.W.2d at 363; *Burnett*, 959 S.W.2d at 659. In *Oldham*, the Texas Court of Criminal Appeals found there had not been a denial of counsel between sentencing and the time to file a motion for new trial, where the appellant filed a pro se notice of appeal and indigency twenty-eight days after sentencing. 977 S.W.2d at 362–63. Appellate counsel was appointed sixty-two days after sentencing. The court held that such facts did not rebut the presumption that appellant was represented by counsel. *Id.*

There is no indication in the record that appellant was not represented by his trial counsel during the thirty days after sentencing. The relevant facts in this case indicate appellant was advised of at least some of his appellate rights, as evidenced by his pro se notice of appeal filed shortly after sentencing. Although we note that appellant asserted in his notice of appeal that his trial counsel was so ineffective that his guilty plea was not voluntary, this does not rebut the presumption that his trial counsel was still representing him and informing him of his appellate rights. There was no motion from appellant's trial counsel to withdraw from representation, nor was there a motion from appellant requesting a new attorney until

three months after his sentencing. These facts do not overcome the presumption that appellant was represented during the time after his sentencing.

We hold that appellant has not shown he was not represented during the thirty days after sentencing.

We overrule appellant's second point of error.

### Ineffective Assistance of Counsel

In point of error three, appellant asserts that his trial counsel was ineffective because his counsel guaranteed appellant would receive probation if he pled guilty.

■ There was no motion for new trial, and there is no indication in the record that appellant's trial counsel assured appellant he would receive probation if he pled guilty. *See Gamble v. State,* 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). To find that trial counsel was ineffective based on these circumstances would call for speculation, which we will not do. *Id.; Davis v. State,* 930 S.W.2d 765, 769 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd) (en banc); *see Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim.App.1994).

We overrule appellant's third point of error.

### Voluntariness of the Plea

■ In conjunction with point of error three, appellant asserts in point of error four that his plea was involuntary because appellant entered his plea based on the advice of counsel that probation would be granted if he pled guilty.

■ To determine the voluntariness of a guilty plea, the record as a whole must be examined. *Richards v. State,* 562 S.W.2d 456, 457 (Tex.Crim.App.1977); *Dusenberry v. State,* 915 S.W.2d 947, 949 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). Appellant's receipt of the statutory admonishments is

prima facia evidence that his plea was knowing and voluntary. *Harrison v. State,* 688 S.W.2d 497, 499 (Tex.Crim.App.1985); *Williams v. State,* 960 S.W.2d 758, 759–60 (Tex.App.—Houston [1st Dist.] 1997, no pet.). When a defendant attests at his original plea hearing to the voluntary nature of his plea, a heavy burden is placed on him at a subsequent hearing to show a lack of voluntariness. *Sawyer v. State,* 778 S.W.2d 541, 543 (Tex.App.—Corpus Christi 1989, pet. ref'd).

The record does not support appellant's contentions. Appellant waived his right to have a court reporter record his plea. The record contains the written admonishments, which were signed and initialed by appellant. These admonishments set out that his plea was voluntarily and knowingly entered. The record indicates appellant was advised of the range of punishment for his offense and the consequences of pleading guilty to the offense. There is no evidence in the record that rebuts the presumption appellant's plea was voluntary. Additionally, the record does not support appellant's contention that his trial counsel informed him that he would be given probation upon pleading guilty.

We overrule appellant's fourth point of error.

Appellant's general notice of appeal was sufficient to confer jurisdiction on this Court. *See Jack v. State,* 871 S.W.2d 741, 742–44 (Tex.Crim.App.1994); *Flowers v. State,* 935 S.W.2d 131, 133 (Tex.Crim.App.1996). Therefore, we need not address appellant's first point of discussion.

We affirm the trial court's judgment.