In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-047 CR


____________________



LEROY SMITH, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 81929






O P I N I O N


 Without benefit of a plea bargain, Leroy Smith, Jr. pleaded no contest to the felony
offense of delivery of a controlled substance, with enhancements. The trial court
sentenced Smith to five years' confinement in the Institutional Division of the Texas
Department of Criminal Justice, to run concurrently with a two year sentence in Cause No.
80377.

 Smith filed a general notice of appeal. After appeal was perfected, Smith's
appellate counsel filed a brief in compliance with Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 18 L.Ed. 493 (1967) and High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). The brief concluded there was no arguable error to support an appeal. Smith was
given an extension of time to file a pro se brief, and he did so.

 Smith brings one issue, which we construe to be a complaint regarding the
voluntariness of his plea. Smith maintains that he and the officer did not have any actual
transfer. Thus, he requests that his case be reevaluated to determine if he was charged
correctly. He asserts he should have been charged with "constructive delivery."

 We determine the voluntariness of a guilty plea by examining the record as a whole. 
See Cantu v. State, 988 S.W.2d 481, 484 (Tex. App.--Houston [1st Dist.] 1999, pet.
ref'd). A prima facie showing of a knowing and voluntary plea has been made where the
trial court has properly admonished the defendant. The defendant then has the burden to
establish he did not understand the consequences of his plea. See Solis v. State, 945
S.W.2d 300, 302 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). 

 Here, Smith signed the statutory plea admonishments, which also contained his
judicial confessions. Further, the trial court orally admonished him, in substantial
compliance with article 26.13 of the Texas Code of Criminal Procedure. Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2001). The statutory admonishments
are prima facie evidence his plea was knowing and voluntary. See Cantu, 988 S.W.2d at
484. Appellant does not contend the trial court improperly admonished him. Further,
Smith presented no evidence of his innocence either at the plea or sentencing hearings. 
See Gottson v. State, 940 S.W.2d 181, 186 (Tex. App.--San Antonio 1996, pet. ref'd).

 Having examined the record as a whole, we find Smith has failed to meet his burden
to show his pleas were made involuntarily. The record shows his pleas appear to have
been given freely and voluntarily, as is statutorily required. See Tex. Code Crim. Proc.
Ann. art. 26.13(b) (Vernon 1989 & Supp. 2000). Smith's issue is overruled. The trial
court's judgment and sentence are affirmed. 

 AFFIRMED.

 PER CURIAM


Submitted on November 28, 2001 

Opinion Delivered December 5, 2001

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.