Opinion issued February 20, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01197-CR




 WILLIE B. HARPER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
 Harris County, Texas
Trial Court Cause No. 831165




MEMORANDUM OPINION

          Appellant, Willie B. Harper, pleaded guilty without an agreed recommendation
to the offense of aggravated assault with a deadly weapon. See Tex. Pen. Code
Ann. § 22.02(a)(2) (Vernon 1994). Appellant also pleaded true to an enhancement
allegation of a prior conviction for attempted murder. The trial court took the plea
under consideration and ordered a pre-sentence investigation (“PSI”) report. At a
later hearing, the trial court found appellant guilty and assessed punishment at 40
years in prison. We determine (1) whether appellant has shown that his trial and
appellate counsel were ineffective, (2) whether appellant has shown that his plea was
involuntary, (3) whether sufficient evidence supported appellant’s guilty plea, (4)
whether we may consider appellant’s complaint about the veracity of a police report,
and (5) whether this Court committed what appellant labels a “Brady violation.” We
affirm.
Anders Brief

          Appellant’s counsel has filed a motion to withdraw from appellant’s
representation on appeal, stating his conclusion that a thorough and complete review
of the record revealed no arguable grounds of error. The brief meets the requirements
of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by
presenting a professional evaluation of the record and stating why there are no
arguable grounds of error on appeal. See Gainous v. State, 436 S.W.2d 137, 138
(Tex. Crim. App. 1969). 
          Counsel advised appellant of his evaluation and informed him of his right to
file a pro se response. Appellant has filed an opening, reply, and supplemental brief.
Ineffective Assistance of Counsel
          In points of error one, four, and five, appellant claims that he was denied
effective assistance of counsel at trial because his counsel failed to investigate or to
raise an insanity defense.


 See Tex. Pen. Code Ann. § 8.01(a) (Vernon 1994). In
point of error seven and in supplemental point of error two, appellant claims that his
appellate counsel was ineffective, as well.
          The standard for evaluating claims of ineffective assistance of counsel is set
out in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 2064-69
(1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
Appellant must show that (1) counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment and (2) there is a
reasonable probability that, but for counsel’s error or omission, the result of the
proceedings would have been different. Strickland, 466 U.S. at 687-96, 104 S. Ct.
at 2064-69; Thompson, 9 S.W.3d at 812.
          The defendant must prove ineffective assistance of counsel by a preponderance
of the evidence and must overcome the presumption that the challenged action might
have been sound trial strategy. Thompson, 9 S.W.3d at 813. We will normally not
speculate to find trial counsel ineffective when the record is silent on counsel’s
reasoning or strategy. See Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston
[1st Dist.] 1996, no pet.). 
          Nothing in the record shows counsel’s reasons for any of the complained-of
actions or inactions. Holding trial counsel ineffective based on this record would
require us to speculate, which we decline to do. See Gamble, 916 S.W.2d at 93. 
Additionally, with respect to appellant’s claim that counsel should have pursued an
insanity defense, the record reflects that, within the 14 months before appellant’s
plea, his counsel three times requested and was granted psychological evaluations to
determine either appellant’s competency to stand trial or his sanity at the time of the
offense. Both psychologists who examined appellant concluded that he was
competent to stand trial. One of those psychologists examined appellant within two
months of the plea to determine sanity and did not conclude that appellant was insane
at the time of the offense. Given this record, we will not second-guess trial counsel’s
reasoning. Accordingly, we hold that appellant has not shown that his trial counsel
was deficient.
          In point of error seven, appellant claims that his appellate counsel was
ineffective for having filed an Anders brief that (1) allegedly did not present any
arguable points and (2) was filed contrary to appellant’s directions and “despite
[counsel’s] being advised of several viable issues” by appellant. However, the
Anders brief presented counsel’s evaluation of several possible grounds. 
Additionally, nothing in the record reveals appellant’s instructions to or discussions
with appellate counsel. We may not consider matters that do not appear in the record. 
See Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (“Ineffective
assistance of counsel claims . . . must ‘be firmly founded in the record.’ That record
must itself affirmatively demonstrate the alleged ineffectiveness.”).
          In supplemental point of error four, appellant claims that his appellate counsel
was ineffective for (1) allegedly not sending appellant a copy of counsel’s motion to
withdraw and (2) not requesting a hearing on his new trial motion. However,
appellant admitted by separate filing with this Court that he received counsel’s notice
and Anders brief. As for appellant’s other complaint, nothing shows counsel’s
reasons for not requesting a hearing, and we decline to speculate on counsel’s
reasoning. See Gamble, 916 S.W.2d at 93.
          We overrule points of error one, four, five, and seven and supplemental points
of error three and four.
Voluntariness of Plea
          In point of error six and supplemental point of error two, appellant claims that
his plea was involuntary because counsel allegedly misled him into believing that he
would receive community supervision. The trial court gave appellant the required
admonishments, and appellant’s plea papers recited that he gave his plea knowingly
and voluntarily. See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2003)
(setting out required admonishments). These things constitute a prima facie showing
of the plea’s voluntariness. See Cantu v. State, 988 S.W.2d 481, 484 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d). Nothing in the record supports
appellant’s allegations or rebuts the prima facie showing of voluntariness.
          We overrule point of error six and supplemental point of error two.
Sufficiency of the Evidence
          In point of error two, appellant contends that the evidence is legally insufficient
“to prove sanity.” In point of error three, appellant claims that the evidence was
factually insufficient to support his conviction.
          Because appellant pleaded guilty pursuant to article 1.15 of the Code of
Criminal Procedure, he may avail himself neither of a factual sufficiency challenge
nor of the legal sufficiency challenge that he asserts. Rather, a judicial confession
alone suffices to sustain a conviction upon a guilty plea entered pursuant to article
1.15 of the Code of Criminal Procedure. Dinnery v. State, 592 S.W.2d 343, 353 (Tex.
Crim. App. 1980); Stewart v. State, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st
Dist.] 2000, no pet.); see Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.
2003). Appellant made a written judicial confession in this case. That suffices to
support his plea.
          We overrule appellant’s points of error two and three.
Veracity of Police Report
          In supplemental point of error one, appellant claims that a transcription of his
recorded statement to a police officer and attached to the PSI report has “omissions”
and “many places labeled as inaudible,” is a “fabrication of events,” and “do[es] not
reflect [appellant’s] version of events.” We must consider this appeal on the record
as it exists and is filed, however, and not on a record that appellant believes would
have been more accurate or beneficial. See Till v. Thomas, 10 S.W.3d 730, 733 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). Appellant also claims that he is entitled to
a new trial under the rules of appellate procedure applicable to lost or destroyed
reporter’s records. See Tex. R. App. P. 34.6(f). This transcribed statement is not part
of the reporter’s record, but, in any event, appellant’s complaint is that his statement
was inaccurately transcribed before it was filed in the clerk’s record, not that the
statement was lost or destroyed after its filing. See id. (applying when significant
exhibit or portion of court reporter’s notes or records is lost or destroyed).
          We overrule supplemental point of error one.
“Brady violation”
          In point of error eight, appellant contends that this Court’s alleged failure to
rule on his “motion to obtain documents on file” caused him to suffer “a Brady
violation.” See Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).


 We disagree
for three reasons. First, this Court ruled on appellant’s motion. We granted it to the
extent that he sought a document (the PSI report) that was part of the trial record. We
denied appellant’s motion to the extent that he sought materials that were not part of
the trial record. Second, Brady applies when the prosecution suppresses material
evidence that is favorable to the accused. See id., 373 U.S. 83, 87, 83 S. Ct. 1194,
1196-97. Brady does not apply to this Court’s rulings on motions to supplement the
appellate record. Third, to the extent that appellant appears to complain of the
prosecution’s alleged suppression of “records,” we cannot review this matter on direct
appeal because nothing in the record shows what these materials were, whether some
of them even existed, or whether the State withheld them.
          We overrule point of error eight. 
Motion for Evidentiary Hearing
          In his supplemental brief, appellant asks for an evidentiary hearing on appeal
to “resolve disputes from the record” and to adduce evidence of ineffectiveness of
counsel and voluntariness of his plea. This motion makes claims concerning matters
outside the record, which matters should have been developed at a hearing on a new
trial motion. See Tex. R. App. P. 21.2 (requiring preservation of appellate complaint
by new trial motion only when “necessary to adduce facts not in the record”). 
Nonetheless, appellant’s new trial motion did not raise these claims, he never
requested a hearing on his motion, nothing shows that he even presented the motion
to the trial court, and the motion was overruled by operation of law. Given these
circumstances, we may not grant appellant’s request. See id.; Tex. R. App. P. 21.6
(requiring presentation of motion); Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim.
App. 1998) (holding no error in not holding hearing on new trial motion when motion
not presented).
          We overrule appellant’s motion.
 
 
Conclusion
          We have also carefully discharged our responsibility upon the filing of an
Anders brief to search the record for possible reversible error, but have found none.
          We thus affirm the trial court’s judgment.
          We grant appellate counsel’s motion to withdraw. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We note that
counsel still has a duty to inform appellant of the result of this appeal and also to
inform appellant that he may, on his own, pursue discretionary review in the Court
of Criminal Appeals. Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).



                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).