Affirm and Memorandum Opinion filed October 17, 2006








Affirm and
Memorandum Opinion filed October 17, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00323-CR

____________

 

GODSPOWER UKAEBGU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 977,657

 



 

M E M O R A N D U M  O P I N I O N

Appellant, Godspower Ukaebgu, pleaded guilty to aggravated
sexual assault of a child.  See Tex.
Pen. Code Ann. ' 22.021 (Vernon 2003).  After a
pre-sentence investigation (PSI) hearing, the trial court found appellant guilty
and  assessed punishment at eight years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  Appellant
asserts three issues on appeal: (1) appellant received ineffective assistance of
counsel at trial; (2) appellant=s plea of guilty was not made voluntarily;
and (3) the evidence is insufficient to support the conviction.  We affirm.








Factual and Procedural Background

Appellant was the downstairs neighbor of L.O., a minor, and
L.O.=s mother, Sandra. 
On January 30, 2004, Sandra asked appellant to watch over L.O. while she went
to speak with an auto mechanic.  L.O. was twelve years old at the time.  When
Sandra returned home, L.O. told Sandra that appellant had sexually assaulted her
by touching her breast and digitally penetrating her vagina. When Sandra
confronted appellant regarding L.O.=s claims,
appellant expressed remorse and urged Sandra not to contact the police.  Later
that day, L.O. and Sandra gave statements to a Houston Police officer regarding
the incident.  L.O. subsequently underwent a medical examination, which
revealed trauma consistent with penetration of her vagina.      

On April 6, 2004, a Harris County Grand Jury indicted appellant
for aggravated sexual assault of a child.  On December 16, 2004, appellant
pleaded guilty to the charge without an agreed sentencing recommendation from
the State.  Appellant received written admonishments from the trial court
describing appellant=s rights and the range of punishment he
would face if convicted.  Appellant acknowledged his understanding of the court=s admonishments by
signing and initialing the forms on which they were printed.  On March 8, 2005,
the court held a PSI hearing.  Both the State and appellant were given an
opportunity to object to the PSI report, and neither party objected.  Following
the PSI hearing, the parties made closing arguments as to punishment.  The
trial court found appellant guilty of aggravated sexual assault of a child and
assessed punishment at eight years= confinement.  

Discussion

I. Ineffective Assistance of Counsel 








In his first issue, appellant claims he was denied
effective assistance of counsel.  Specifically, appellant claims that his
counsel, Ms. Pat Egwuatu, was ineffective because she (a) failed to investigate
appellant=s claims, (b) failed to subpoena witnesses to testify
regarding punishment, (c) promised appellant that he would receive probation
without obtaining a written plea agreement, and (d) advised appellant to plead
guilty despite a lack of evidence of guilt. 

A. Standard of Review

In reviewing claims of ineffective assistance of counsel,
we apply the two prong test set out in Strickland v. Washington, 466
U.S. 668, 687B91, 104 S.Ct. 2052, 2064B67, 80 L.Ed.2d 674
(1984).  See Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App.
2005) (citing Strickland).  To establish ineffective assistance of
counsel, appellant must prove by a preponderance of the evidence that (1) his
trial counsel=s representation was deficient in that it fell below
the standard of prevailing professional norms, and (2) there is a reasonable
probability that, but for counsel=s deficiency, the
result of the trial would have been different. Id.; Mallett v. State,
65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001).  A reasonable
probability is a probability sufficient to undermine confidence in the outcome.
Id. at 63. 

When evaluating a claim of ineffective assistance, the
appellate court looks to the totality of the representation and the particular
circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  There is a strong presumption that counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  Salinas, 163 S.W.3d at 740; Stults v. State, 23 S.W.3d
198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  To overcome
the presumption of reasonable professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@ Thompson,
9 S.W.3d at 813.  When the record is silent as to the reasons for counsel=s conduct, a
finding that counsel was ineffective would require impermissible speculation by
the appellate court. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994); Stults, 23 S.W.3d at 208. Hence, absent specific
explanations for counsel=s decisions, a record on direct appeal
will rarely contain sufficient information to evaluate an ineffective
assistance claim.  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002). 








B. Analysis

Appellant first argues his trial counsel=s assistance was
ineffective because counsel failed to investigate appellant=s claims.  The
State argues that appellant failed to file a motion for new trial and develop a
record sufficient for an appellate court to make that determination. We agree
with the State.  An attorney=s failure to investigate or present
evidence will be a basis for establishing ineffective assistance of counsel
only where it is affirmatively shown that the presentation of that evidence
would have benefitted appellant.  Garrett v. State, 998 S.W.2d 307, 314
(Tex. App.CTexarkana 1999, pet. ref=d, untimely
filed).   Appellant has made no showing of how he could have benefitted from
his counsel=s investigation, or precisely what counsel should have
investigated.  Further,  appellant fails to identify any portion of the record
from which a failure to investigate may be inferred.  Therefore, appellant has
failed to overcome the Astrong presumption@ of reasonable
professional assistance with respect to his counsel=s efforts to
investigate.  See Salinas, 163 S.W.3d at 740.

Appellant next argues that he received ineffective
assistance of counsel because his attorney failed to subpoena witnesses to
testify regarding punishment.   Appellant claims that at least four witnesses
could have testified on his behalf.  Appellant was given an opportunity to
present testimony during the punishment phase of the trial.  The record
indicates that appellant=s counsel informed the trial court that
two witnesses were traveling from Dallas to testify on appellant=s behalf.  The
record also shows that the witnesses did not arrive in time to testify. 
However, the record contains no indication as to whether trial counsel issued
or failed to issue subpoenas to compel the appearance of appellant=s witnesses.  
Because we may not speculate regarding counsel=s actions or
inactions, or the reasons therefor, we cannot conclude that counsel=s alleged failure
to subpoena witnesses was deficient under the first prong of the Strickland analysis. 
See Stults, 23 S.W.3d at 208.  Moreover, there is no showing as to the
substance of the evidence the witnesses would have provided.













Appellant further argues that his trial counsel=s assistance was
ineffective because counsel promised appellant that he would receive a sentence
of probation if appellant pleaded guilty, and because counsel failed to obtain
a written plea agreement from the State.  The record contains no evidence of
any promise made to appellant by his attorney regarding a sentence of
probation.[1] 
Rather, the record indicates appellant was admonished by the trial court that
he would receive a sentence of not less than five years= confinement if
found guilty.[2] 
Therefore, based on the record before us, appellant has failed to demonstrate
that counsel rendered deficient performance by promising appellant he would
receive probation. See Thompson, 9 S.W.3d at 813 (AAny allegation of
ineffectiveness must be firmly founded in the record.@); Cantu v.
State, 988 S.W.2d 481, 484 (Tex. App.CHouston [1st
Dist.] 1999, pet. ref=d) (A[T]here is no
indication in the record that appellant=s trial counsel
assured appellant he would receive probation if he pled guilty.  To find that
trial counsel was ineffective based on these circumstances would call for
speculation, which we will not do.@).  Further, the
record contains no explanation of why appellant=s counsel did not
obtain an agreed sentencing recommendation from the State.  It is possible that
the State was unwilling to agree to a sentencing recommendation, and appellant=s counsel believed
that appellant=s interests were best served by entering a plea of
guilty and requesting leniency during the punishment phase of the trial.  In
the absence of evidence to the contrary, we presume that counsel=s actions and
decisions were reasonably professional and motivated by sound strategy.  See
Salinas, 163 S.W.3d at 740.  Therefore, appellant has not demonstrated that
his trial counsel=s performance was deficient based on the
alleged promise of probation or failure to obtain an agreed sentencing
recommendation from the State.

In his final allegation of ineffective assistance of
counsel, appellant claims counsel urged him to plead guilty despite a lack of
evidence of guilt.  Specifically, appellant argues that there was no medical
evidence, no DNA evidence, no witness to any crime, and Aonly the statement
of the minor child.@  Contrary to appellant=s claim, the
record does contain evidence of appellant=s guilt.  L.O.
gave a statement to a Houston Police Officer in which she identified appellant
as the person who assaulted her and provided specific details of the assault. 
Sandra gave a statement in which she corroborated portions of L.O.=s claims and
provided circumstantial evidence of appellant=s guilt.  A
medical examination performed on L.O. revealed an abrasion consistent with
penetration trauma to  the female sex organ.  Based upon our review of the
record as a whole, we find that counsel=s recommendation
that appellant enter a plea of guilty may have been motivated by sound trial
strategy.  Appellant has not identified any defenses he had to the allegations
in the indictment.  Therefore, appellant has failed to overcome the strong
presumption that his trial counsel=s actions and
decisions were reasonably professional and motivated by sound trial strategy,
as required by the first prong of the Strickland analysis.  See
Salinas, 163 S.W.3d at 740.  








After reviewing the record and considering all of appellant=s claims of
ineffective assistance, we conclude that appellant has not met his burden under
Strickland.  Appellant=s claims that his counsel failed to
investigate, failed to subpoena witnesses, and promised that appellant would
receive a sentence of probation are unsupported by the record.  Further,
appellant has failed to demonstrate that his counsel rendered ineffective assistance
by recommending the entry of a plea of guilty.  Because appellant has failed to
prove his counsel=s performance was deficient, we need not
reach the second prong of the Strickland analysis.  See Strickland,
466 U.S. 668, 687B91, 104 S.Ct. 2052, 2065B67.  Accordingly,
we overrule appellant=s first point of error. 

II. Voluntariness of Appellant=s Guilty Plea

In his second issue, appellant argues his guilty plea was
not entered voluntarily because it was induced by trial counsel=s promise of
probation, and because appellant did not understand the nature of the charge
against him or consequences of his plea. 

A. Standard of Review

A plea of guilty must be entered voluntarily and freely.  Tex. Code Crim. Proc. Ann. art.
26.13(b) (Vernon Supp. 2006); Houston v. State, ___ S.W.3d. ___, 2006 WL
2294495, at *3 (Tex. App.CHouston [14th Dist.] Aug. 10, 2006, no
pet. h.).  In considering the voluntariness of a guilty plea, the appellate
court examines the record as a whole.  Martinez v. State, 981 S.W.2d
195, 197 (Tex. Crim. App. 1998).  A showing in the record that a defendant was
admonished by the trial court creates a prima facie showing that the plea was
entered knowingly and voluntarily. Id.  The burden then shifts to the
defendant to show that he entered the plea without understanding the
consequences of his action and was harmed as a result.  Ex Parte Gibauitch,
688 S.W.2d 868, 871 (Tex. Crim. App. 1985);  Pena v. State, 132 S.W.3d
663, 666 (Tex. App.CCorpus Christi 2004, no pet.).  A
defendant who was properly admonished by the trial court bears the heavy burden
of proving that his plea was entered involuntarily.  Martinez, 981
S.W.2d at 196B97 (holding appellant failed to overcome showing of
voluntariness arising from written admonishments signed by appellant); Cantu
v. State, 988 S.W.2d 481, 484 (Tex. App.CHouston [1st
Dist.] 1999, pet. ref=d) (finding insufficient evidence in the
record to overcome showing of voluntariness arising from written
admonishments). 

B. Analysis








The record shows that appellant received written
admonishments from the trial court in compliance with article 26.13(a) of the
Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2006).  Appellant
signed the admonishments and placed his initials next to several numbered
paragraphs, specifically acknowledging his understanding of the charges against
him and the consequences of his guilty plea.  Hence, there is a prima facie
showing that appellant=s plea was entered voluntarily and
knowingly, and appellant bears the heavy burden of proving his plea was
involuntary.  See Martinez, 981 S.W.2d at 197.  

Because there was no motion for a new trial, appellant=s burden is
compounded by the absence of a record in this case.  Appellant cites no
evidence in the record in support of his contention.  Our review of the clerk=s record and the
transcripts of the PSI hearing and supplemental hearing reveal no support for
appellant=s claim.  The record contains no evidence that 
appellant=s trial counsel promised appellant that he would
receive a sentence of probation.  See Cantu, 988 S.W.2d at 484. (holding
appellant failed to overcome presumption of voluntariness where the record
contained no evidence appellant=s trial counsel promised he would receive
a sentence of probation).  Further, a guilty plea is not involuntary simply
because the sentence exceeded what an accused expected, even if that
expectation was raised by his attorney.  West v. State, 702 S.W.2d 629,
633 (Tex. Crim. App. 1986); Houston,  ___ S.W.3d. ___, 2006 WL 2294495,
at *3; Russell v. State, 711 S.W.2d 114, 116 (Tex. App.CHouston [14th
Dist.] 1986, pet. ref=d).  Therefore, based on our review of the
record as a whole, we find that appellant has failed to meet his heavy burden
of proving that his plea was entered involuntarily.

We overrule appellant=s second point of
error.

III. Sufficiency of the Evidence

In his third issue, appellant argues there is insufficient evidence
to support a finding of guilt.  The State asserts that appellant=s judicial
confession, standing alone, is sufficient evidence to support a verdict of
guilty.  We agree with the State.

 








A. Standard of Review

A plea of guilty does not authorize a felony conviction
unless there is sufficient evidence to support such a plea and the judgment to
be entered.  Tex. Code Crim. Proc. Ann.
art. 1.15 (Vernon 2005); Dinnery v. State, 592 S.W.2d 343, 351 (Tex.
Crim. App. 1980).  The State must introduce sufficient evidence to support the
conviction.[3] 
Tex. Code Crim. Proc. Ann. art.
1.15.   One way in which the State may satisfy its burden is with a judicial
confession.  Brink v. State, 78 S.W.3d 478, 484 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d).  AIt is well settled
that a judicial confession, standing alone, is sufficient to sustain a
conviction upon a guilty plea.@  Dinnery, 592 S.W.2d at 353; see
also Brink, 78 S.W.3d at 483B84 (holding
execution of a valid judicial confession waives any challenge to the
sufficiency of the evidence).  The judicial confession must establish each
element of the offense charged.  See Dinnery, 592 S.W.2d at 352.

B. Analysis








On December 16, 2004, appellant signed a AWaiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession@ in which he
stipulated to the evidence and confessed to each element of the offense alleged
in the indictment.  Specifically, appellant confessed that on or about January
30, 2004, he Adid then and there unlawfully, intentionally and
knowingly cause the penetration of the FEMALE SEX ORGAN of [L.O.] hereinafter
called the Complainant, a person younger than fourteen years of age and not the
spouse of the Defendant, by placing HIS FINGER in the FEMALE SEX ORGAN  of the
Complainant.@  Appellant=s judicial
confession satisfies each element of the offense of aggravated sexual assault
of a child and complies with article 1.15 in all respects.  See Tex. Pen. Code Ann. '
22.021(a)(1)(B)(i); Tex. Code Crim.
Proc. Ann. art. 1.15.  Therefore, we find sufficient evidence in the
record to support appellant=s conviction and overrule appellant=s third pont of
error.

Accordingly, the judgment of the trial court is affirmed.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed October 17, 2006.

Panel consists of Justices Anderson,
Hudson, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Community supervision was not available in this case
because the trial judge did not make Aa
finding in open court that placing the defendant on community supervision is in
the best interest of the victim,@ as
required by the Code of Criminal Procedure.  Tex.
Code Crim. Proc. Ann. art. 42.12, '5(a)
(Vernon Supp. 2006).  Adhering to the presumption of reasonable professional
assistance, nothing in the record rebuts the presumption counsel knew probation
was not available and, therefore, would not advise appellant to the contrary.





[2]  Although there is no reporter=s record of the plea hearing, the clerk=s record contains written admonishments signed by
appellant and his trial counsel.  The written admonishments instruct appellant
to place his initials next to each of several numbered paragraphs,
acknowledging his understanding of the information contained therein. 
Appellant wrote his initials next to two paragraphs containing the following
information: A(1) you are charged with the felony of Agg. Sex
Assault Child.  If convicted, you face the following range of punishment: . . .
FIRST DEGREE FELONY: A term of not more than 99 years or less than 5 years in
the Institutional Division of the Texas Department of Criminal Justice, and in
addition, a fine not to exceed $10,000.00 may be assessed.@ 





[3]  Article 1.15 of the Code of Criminal Procedure
provides in pertinent part:

[I]t shall be necessary for the
state to introduce evidence into the record showing the guilt of the defendant
and said evidence shall be accepted by the court as the basis for its judgment
and in no event shall a person charged be convicted upon his plea without
sufficient evidence to support the same. The evidence may be stipulated if the
defendant in such case consents in writing, in open court, to waive the
appearance, confrontation, and cross-examination of witnesses, and further
consents either to an oral stipulation of the evidence and testimony or to the
introduction of testimony by affidavits, written statements of witnesses, and
any other documentary evidence in support of the judgment of the court. Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005).