Opinion issued December 3, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

NO. 01-14-00803-CR

NO. 01-14-00804-CR

_____

**RICARDO JAVIER PENA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 178th District Court
Harris County, Texas
Trial Court Case Nos. 1392873 and 1392874

## MEMORANDUM OPINION

The State charged Ricardo Javier Pena with two offenses of aggravated sexual assault of a child under 14 years of age. Pena pleaded guilty to both cases without agreed recommendations as to punishment. The trial court ordered a

pre-sentence investigation and, after receiving the PSI report, held a hearing. It found Pena guilty of both charged offenses and assessed punishment at 20 years' incarceration for each, with the sentences to run concurrently.

Pena contends he received ineffective assistance of counsel in entering his guilty pleas and that, as a result, the pleas were involuntary. We affirm.

## Background

Pena, a pastor, and his wife had been entrusted with the care of their young granddaughters on a regular basis. Pena began sexually assaulting two of his granddaughters when they were about six or seven years old and repeatedly continued to do so over about a two-year period.

The stepfather of one of the victims testified that when his stepdaughter was in first grade, she got in trouble for talking about sex with another child. When the parents asked the child where she had learned about sex, she identified Pena, but Pena denied it and accused the child of being a liar. The parents believed Pena.

Pena continued to sexually assault that child and her cousin. The children reported that on evenings that they stayed at their grandparents' home, Pena's wife would fall asleep in front of the television, and then Pena would take them to his bedroom and touch their private parts with his hand and mouth. The stepfather recounted that his stepdaughter made another outcry about the sexual abuse

approximately a year after her first outcry. The second outcry led to the charges against Pena.

Pena received and signed a document containing written waivers of constitutional rights, agreement to stipulate, and judicial confession for each charged offense. Pena initialed paragraphs notifying him that he was required to comply with the sex offender requirements of Chapter 62 of the Texas Code of Criminal Procedure. Another page of the waivers instructed Pena to place his initials by each paragraph containing other admonishments, statements, and waivers if he fully understood them. While under oath, Pena placed his initials next to paragraphs that

- recited the charges against him;

- explained that the trial court could impose punishment ranging from 5 to 99 years or life in prison;

- waived his right to oral admonishments;

- represented he understood the consequences of his plea and that the trial court could accept or refuse to accept it;

- declared that he "freely, knowingly, and voluntarily" executed the statement;

- stated that he understood the admonishments, was aware of the consequences of his plea, was mentally competent to stand trial, and made his plea freely and voluntarily; and

- admitted to each element of the offenses alleged in the indictments.

3

After sentencing, Pena's trial attorney withdrew from representation and the trial court appointed new counsel for Pena. Pena moved for a new trial, claiming ineffective assistance of counsel. In the affidavit accompanying the motion, Pena averred that trial counsel had advised him that he would receive no more than a five-year prison sentence as punishment for the offenses.

At the evidentiary hearing on Pena's motion, Pena's trial counsel gave testimony concerning his legal experience, his review of the State's evidence, the numerous discussions he had with Pena, and the advice he gave Pena in the months before Pena entered his guilty pleas. Trial counsel testified that, while he had believed Pena was likely to receive a more lenient sentence and had told Pena as much, he had informed Pena of the full sentencing range and had not guaranteed any particular outcome. The trial court denied the motion for new trial.

## Ineffective Assistance of Counsel

### I. Applicable Law and Standard of Review

In his sole issue on appeal, Pena contends he received ineffective assistance of counsel because trial counsel made improper assurances and misrepresentations regarding the punishment he would receive, rendering his guilty pleas involuntary. A guilty plea is valid only when the defendant enters it knowingly and voluntarily. *See Brady v. United States*, 397 U.S. 742, 748–49 (1970); *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014). A defendant has a constitutional right to

4

the effective assistance of counsel in guilty-plea proceedings. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010) (explaining that right to effective assistance arises under Sixth Amendment of federal Constitution); *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009) (defendant has absolute right to jury trial under TEX. CONST. art. I, § 15); *Martinez v. State*, 449 S.W.3d 193, 199 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). The *Strickland* standard therefore applies to challenge the voluntariness of guilty pleas based on counsel's advice. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985); *Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011).

### *Strickland* **standard**

When a defendant challenges the validity of a plea entered upon the advice of counsel based on an ineffective assistance of counsel claim, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of professional competence and, if not, (2) whether there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty to the charged offense and would have insisted on going to trial. *Harrington*, 310 S.W.3d at 458. In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813; *see Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986) (explaining that court determines voluntariness of guilty plea

5

based on totality of circumstances); *Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (same). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.

"Because there 'are countless ways to provide effective assistance in any given case,' a reviewing court must be highly deferential and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Niswanger*, 335 S.W.3d at 615 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052 (internal quotations omitted)). "Strategic or tactical considerations are not considered deficient 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'" *Harrington*, 310 S.W.3d at 459 (quoting *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999) (internal quotations omitted)).

To satisfy the second prong of the test enunciated in *Strickland* in these claims, the defendant must show there is a reasonable probability that, but for trial counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. *See Moody*, 991 S.W.2d at 857–58. Accordingly, we review the

record as a whole while indulging a strong presumption that counsel's conduct was reasonable. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Edwards*, 921 S.W.2d at 480; *see Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998) (explaining that involuntary guilty plea claim requires affirmative support in record).

Because Pena raised his ineffective assistance claim in a motion for new trial, we apply the abuse-of-discretion standard in reviewing the propriety of the trial court's *Strickland* determination. *See Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). We view the evidence in the light most favorable to the trial court's ruling and reverse only if its decision is arbitrary or unreasonable. *Id.*

**Voluntariness of guilty plea**

"[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.*" McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171 (1969), *quoted in Mable*, 443 S.W.3d at 131 & n.3. "The standard is whether the plea is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* (citing *Parke v. Raley*, 506 U.S. 20, 29, 113 S. Ct. 517, 523 (1992)).

Informed by professional experience and either an adequate investigation of the case or a reasonable decision that investigation was unnecessary, counsel may

offer a prediction of the probable sentence a client may receive. *Harrington*, 310 S.W.3d at 458–59. A guilty plea is not rendered involuntary simply because that prediction turns out to be wrong. *West v. State*, 702 S.W.2d 629, 633 (Tex. Crim. App. 1986). Nor does the defendant's reliance on that erroneous prediction in deciding to enter a guilty plea render the plea involuntary. *Id.* (quoting *Wellnitz v. Page*, 420 F.2d 935, 936–37 (10th Cir. 1970)); *see also Niswanger*, 335 S.W.3d at 615 (cautioning against hindsight bias).

## II.    Analysis

In his affidavit accompanying the motion for new trial, Pena averred, "I was aware that I was pleading guilty to the Judge without an agreed recommendation and the Judge could sentence me to deferred probation or anywhere between 5 years and 99 years or life for the charges." Pena also admitted that he understood that the State was offering him 20 years in prison for the charges. Pena faults trial counsel for predicting that the worst "he expected to happen was that I would get 5 years."

Trial counsel testified at the motion for new trial hearing that he believed the trial court would be more lenient in assessing a sentence than the State's offer of a 20-year sentence. Trial counsel explained that he was hopeful that facts adduced during the pre-sentence investigation and the sentencing hearing would make the judge consider a more lenient sentence, but counsel made clear that he never

8

promised or told Pena he would receive a particular outcome, and counsel discussed the punishment range with Pena several times.

Pena's affidavit, on its face, proves no more than a failed expectation that he would receive a lighter sentence. *See West*, 702 S.W.2d at 633. Trial counsel explained the rationale underlying his belief that Pena was likely to receive a lighter sentence from the trial court, including Pena's lack of any prior criminal record, Pena's service to the community, and the force of the mitigating evidence available to offer at sentencing. Counsel's assessment was not objectively unreasonable and, thus, is entitled to deference as a matter of trial strategy.

Moreover, the record contains Pena's signed acknowledgement that he received and understood the statutory admonishments, which constitutes prima facie evidence of a voluntary plea. *See Cantu v. State*, 988 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (West Supp. 2014). The written admonishments and Pena's signature indicate Pena understood the range of punishment and his guilty plea was knowing and voluntary. *See Cantu*, 988 S.W.2d at 484. We therefore hold that the trial court acted within its discretion in denying Pena's motion for new trial.

## Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).